JAMES M. STEEL AND THERESA B. STEEL, ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steel v. Commissioner
Docket Nos. 7859-85, 7860-85.[1]
United States Tax Court
T.C. Memo 1987-243; 1987 Tax Ct. Memo LEXIS 247; 53 T.C.M. (CCH) 816; T.C.M. (RIA) 87243; May 11, 1987. *247 Petitioner was employed on an offshore oil rig located in foreign waters. As a result of his employment on the rig, petitioner spent a total of 410 days outside the United States during 1980 and 1981. Held, petitioner was not physically present in a foreign country for 510 full days during a period of 18 consecutive months and is therefore ineligible for the foreign earned income exclusion pursuant to sec. 911(a)(2). Sam Dileo and C. Jerre Lloyd, for the petitioners. Timothy Burgmeier, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the years and in the amounts indicated: Year
Deficiency
1980
$3,162.65
1981
4,658.36
*248 The issue for decision is whether petitioner James M. Steel (hereinafter referred to as petitioner or Steel) was physically present in a foreign country or countries for 510 full days during a period of 18 consecutive months for purposes of the foreign earned income exclusion. [2]
The case was submitted fully stipulated pursuant to Rule 122. [3] The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners James M. Steel and Theresa B. Steel, husband and wife, resided in New Iberia, Louisiana, at the time they filed their petition. For the years in issue, petitioners timely filed the following joint individual income tax returns: Taxable Year
Type of Return
Date Filed
1980
1040 February 1981
1980
1040X
December 20, 1982
1980
1040X
March 28, 1983
1981
1040 March 1982
1981
1040X
December 20, 1982
1981
1040X
March 28, 1983
*249 Petitioners did not claim a foreign earned income exclusion at the time they originally filed their income tax returns for the years 1980 and 1981. On December 20, 1982, petitioners filed amended income tax returns for 1980 and 1981, wherein Steel claimed to be a bona fide resident of Brazil and thus eligible for the foreign earned income exclusion. On March 28, 1983, petitioners filed second amended returns for 1980 and 1981, wherein Steel conceded that he was not a bona fide resident of a foreign country but claimed that he met the physical presence requirements, and thus remained eligible for the foreign earned income exclusion. During 1980 and 1981, Steel was employed by the Penrod Drilling Company (Penrod) as a mechanic on offshore oil rigs. Steel worked on rigs located off the coast of Macae, Brazil, except for a short stint in 1981 on a rig off the coast of Singapore. Steel's work schedule consisted of alternating 28-day periods on and off duty. Steel would fly from his residence in Louisiana to the vicinity of his assigned rig, for a continuous work period of approximately 28 days. Upon completion of his work period, Steel would return to Louisiana for a continuous *250 rest period of approximately 28 days. Steel spent his entire work period aboard the rig. As a result of his employment with Penrod, Steel spent the following periods outside of the United States during 1980 and 1981: Number of Days,
Inclusive of Exit
Location
Dates Outside U.S.
Date and Re-entry Date
Macae, Brazil
1/19/80 - 2/16/80
29
Macae, Brazil
3/15/80 - 4/12/80
29
Macae, Brazil
5/10/80 - 6/08/80
30
Macae, Brazil
7/05/80 - 8/02/80
29
Macae, Brazil
8/30/80 - 9/27/80
29
Macae, Brazil
10/25/80 - 11/22/80
29
Macae, Brazil
12/19/80 - 12/31/80
13
188 Macae, Brazil
1/01/81 - 1/17/81
17
Macae, Brazil
2/14/81 - 3/14/81
29
Singapore
3/28/82 - 4/28/81
32
Singapore
5/27/81 - 6/24/81
29
Singapore
7/22/81 - 8/19/81
29
Macae, Brazil
8/29/81 - 10/24/81
57
Macae, Brazil
11/21/81 - 12/19/81
29
222 Pursuant to section 911(a), an individual described in section 913(a) who resides in a camp located in a hardship area, or who performs qualified charitable services in a lesser developed country, qualifies for the foreign earned income exclusion. Section 913(a) applies to an individual who *251 is a United States citizen and (1) is a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, or (2) has been present in a foreign country or countries for at least 510 full calendar days during a period of 18 consecutive months. Petitioners concede that Steel did not meet the bona fide residence requirements of section 913(a)(1), but contend that he did satisfy the physical presence requirements of section 913(a)(2). Respondent maintains that petitioners failed to meet either test, and therefore do not qualify for the foreign earned income exclusion. For purposes of the physical presence test, section 1.913-2(c)(1), Income Tax Regs., provides that the term "18 consecutive months" means any period of 18 months duration. The 18-month period may begin with any day of the calendar month, and ends with the day before the corresponding calendar day in the 18th succeeding month. Additionally, the 510 full days need not be consecutive, but may be interrupted by periods during which the taxpayer is not present in a foreign country. For the period January 16, 1980, through December 19, 1981, (a period in excess of 23 *252 months) Steel spent a total of 410 days outside of the United States for purposes of employment. The record does not indicate that Steel spent any additional time outside of the country for purposes other than employment. [4]
Section 913(a)(2) requires a taxpayer to be physically present in a foreign country for 510 full days during a period of 18 consecutive months. It is apparent that Steel does not meet the physical presence requirements for any portion of either 1980 or 1981. [5] Consequently, we decide this issue for respondent. Decision will be entered for the respondent.
Footnotes
1. On December 5, 1985, docket Nos. 7859-85 and 7860-85 were consolidated for purposes of trial, briefing, and opinion.↩
2. Adjustments to petitioners' medical expense deductions were based upon adjustments to petitioners' adjusted gross income. Thus, the medical expense deductions are not of themselves at issue.↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
4. A taxpayer's physical presence in a foreign country need not necessarily be for employment purposes. Some of the qualifying foreign presence may consist of vacation time. Rev. Rul. 57-590, 1957-2 C.B. 458↩.
5. Due to Steel's failure to satisfy the physical presence requirements of sec. 911(a)(2), we do not reach the issue of whether the rig qualified as a "camp located in a hardship area."↩